```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION


ROBERT DUANE BAUCOM                                   PLAINTIFF

VS.                         12-CV-6080

THE CITY OF CADDO VALLEY and
MAYOR ALLEN DILLAVOU, in his
individual and official capacities                   DEFENDANTS
```

## MEMORANDUM OPINION

This case is before the Court for consideration of Defendants' Motion for Summary Judgment (doc. 15) and supporting documents (docs. 16-17), Plaintiff's response (doc. 21) and supporting documents (docs. 22-23), and Defendants' Reply (doc. 24). For the following reasons, Defendants' Motion (doc. 15) is GRANTED, and Plaintiff's Complaint (doc. 1) is DISMISSED. Plaintiff's federal constitutional claims are DISMISSED WITH PREJUDICE. Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE.

**I.   Background**

Plaintiff filed his complaint on June 14, 2012, alleging he was wrongfully terminated from his position as Chief of Police for the City of Caddo Valley without cause and in violation of public policy and in retaliation for reporting policy violations of certain subordinate police officers. Plaintiff alleges due process violations, as well as state law

claims for defamation, tortious interference with existing business relations and civil conspiracy.

## II.  Undisputed Facts

The majority of the facts in this case are undisputed. In his response to Defendants' Statement of Undisputed Material Facts (doc. 17), Plaintiff attempts to dispute certain facts without sufficient citation to admissible evidence and, at times, in contradiction to the record evidence before the Court.  The Court has reviewed, in detail, the evidence presented from all the parties in this case and finds the following facts to be undisputed, except where noted.

Plaintiff was hired as Chief of Police for the City of Caddo Valley in January 2012, by then-Mayor of Caddo Valley, Allen Dillavou.  Plaintiff was terminated from his position as Chief of Police by Mayor Dillavou after five and a half months.

Four months into his tenure as Chief, a letter was signed by every police officer under his command stating that they had no confidence in him as Chief and asked the City to terminate him.  Plaintiff contends his police officers had a plan to not respond to any complaints of citizens in order to cast him in a negative light.

Plaintiff repeatedly asked the Mayor if he should be

looking for work elsewhere. Defendants contend this was because Plaintiff knew he was having problems managing the police department. Plaintiff contends it was because he knew that fellow officers and citizens were complaining about him.

In May of 2012, at a Caddo Valley City Council meeting, the Council went into executive session to discuss Chief Baucom. In the executive session, it was the unanimous opinon of the council members that the Chief should be fired.

The opinion of the counsel was so strong that the Mayor stated in his deposition that, "five out of six of them demanded that I fire him, and the sixth one said that she wanted him fired but she wasn't going to demand it because she understood that was my decision whether or not to, you know, fire him." Eventually, Mayor Dillavou gave into the political pressure and four days after the Council demanded Baucom's termination, Plaintiff was fired.

Plaintiff admitted in his deposition that the Mayor stated his reason for the termination was due to the political pressure, however, Plaintiff contends he was not given sufficient explanation for his termination in the meeting with the Mayor in which he was actually terminated. Plaintiff did not appeal his termination to the City Council.

Plaintiff admitted in his deposition that the Mayor gave the reason for Baucom's termination as the city was too

divided, and the mayor felt the only thing he could do was fire Plaintiff. During his deposition, Plaintiff did not identify any "published stigmatizing conditions regarding his termination" or any defamatory statements by Defendants regarding him.

### III. Standard of Review

A motion for summary judgment will be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law ...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A "genuine" issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. *Id.* In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth

specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 256-7 (citing Fed. R. Civ. P. 56(e)). In order to withstand a motion for summary judgment, plaintiffs must substantiate their allegations with "sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers,* 974 F.2d 1006, 1010 (8th Cir. 1992), *cert. denied,* 507 U.S. 913, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993). A mere scintilla of evidence is insufficient to avoid summary judgment. *Moody v. St. Charles County,* 23 F.3d 1410, 1412 (8th Cir. 1994).

**IV. Due Process**

To establish a procedural due process violation, a plaintiff must first establish a constitutionally protected property or liberty interest. *Christiansen v. West Branch Community Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012). "A public employee with a protected property interest in continued employment receives sufficient due process if he receives notice, an opportunity to respond to the charges before his termination, and post-termination administrative review." *Id.* (quotation marks omitted). The procedural due process rights of an employee fired under circumstances

placing a stigma on his reputation "are vindicated by a name-clearing hearing at a meaningful time during which the employee can respond to the employer's accusations." *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006)(quotation marks omitted).

Plaintiff's attempts to create a property interest in his continued employment with the City fail. Plaintiff contends he could only be fired "for cause" and attached a copy of the Caddo Valley Police Department Policy Manual (doc. 21-1) to his Response. However, all of the evidence in this case makes clear that Plaintiff was an at will employee and could be terminated at any time.

In his deposition, Plaintiff acknowledged that the City of Caddo Valley had an at-will employment policy. (Doc. 21-4, pp. 51-52). Plaintiff also acknowledged that the Policy Manual was invalid and was never "signed off on". (Doc. 21-4, p. 52). Defendants provided a City of Caddo Valley Personnel Policy dated January 2012 (doc. 14-4, Ex. 4) that confirms the City was an at-will employer and that nothing in the policy alters the City's at-will status or creates an employment contract. *Id*. at p. 2.

The Court finds Plaintiff was not entitled to procedural due process protections as he had no property interest in his continued employment as Chief of Police. However, even if he

had, he received the benefits of due process as evidenced by the audio recording of the pre-termination hearing with Mayor Dillavou that Plaintiff himself recorded. (Doc. 15-5).

Plaintiff further contends he had a protected liberty interest in his reputation. To establish a procedural due process violation based on the deprivation of a protected liberty interest in a public employee's reputation, a plaintiff must demonstrate that (1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; (3) the defamatory statement was made public; and (4) an alteration or extinguishment of a right or legal status. *Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009). Plaintiff must also prove that he requested and was denied a name-clearing hearing. *Id*.

Plaintiff did not request a hearing with the city council after his termination. (Doc. 21-4, pp. 68-69). When asked in his deposition, Plaintiff admitted he could not provide any derogatory or stigmatizing statements from Mayor Dillavou or anyone else. (Doc. 21-4, pp. 69-70). Because Plaintiff was an at-will employee, he had no protected liberty interest. *Eddings v. City of Hot Springs, Ark.*, 323 F.3d 596, 601-02 (8th Cir. 2003). Further, Plaintiff failed to identify any evidence concerning the existence of defamatory statements or

the source of any such statements.  *Id*.

### V. Retaliation

The First Amendment prohibits the government from retaliating against a public employee based on the employee's speech.  *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008).  To establish a prima facie case of retaliation under the First Amendment, a plaintiff must show that his conduct was constitutionally protected and that the protected conduct was a substantial or motivating factor in the defendant's decision to terminate him.  *Id*.

It is unclear from Plaintiff's Complaint if he is asserting a claim for First Amendment retaliation.  Further, Plaintiff did not address this in his response to Defendants' summary judgment motion but rather for the first time discussed a claim under the Arkansas Whistle-Blower Act. Accordingly, both claims, to the extent alleged, are DISMISSED.

### VI. Qualified Immunity

As previously stated, Plaintiff failed to show any violation of a constitutional right, therefore, Mayor Dillavou is entitled to qualified immunity.

### VII. State Law Claims

Having granted the summary judgment motion on the federal law claims, we decline to retain jurisdiction on Plaintiff's

state law claims for defamation, tortious interference and civil conspiracy.  28 U.S.C. § 1367(c)(3).  These claims are DISMISSED WITHOUT PREJUDICE.

### VIII. Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment (doc. 15) is GRANTED, and Plaintiff's due process and First Amendment retaliation claims are DISMISSED WITH PREJUDICE.  Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE.  The parties are to bear their own fees and costs.  The jury trial previously scheduled for the week of July 22, 2013, is CANCELLED.

IT IS SO ORDERED this 1st day of July, 2013.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge